UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

VICTORINOX SWISS ARMY, INC.

V.                                    Case No. 24-CV-1735

TRADE CHANNEL LLC

RULING AND ORDER

This case involves the validity of service of process on a limited liability company registered in Delaware, based in Israel, and doing business on the Internet through a storefront maintained by Amazon.com Inc. Plaintiff's return of service shows that a process server in Florida left a copy of the summons and complaint with the person in charge of a commercial mail delivery service at an address in Orlando, which was the address provided by defendant's Amazon storefront.[1]

---

[1] The return contains a typographical error – it identifies the person who took the summons and complaint as "Gabrielle Garnder" rather than "Gabrielle Gardner."  Defendant concedes that it previously maintained a private mailbox at the mail delivery service in Orlando operated by Ms. Gardner.

1

Defendant claims that it did not receive the papers and became aware of this suit only after Amazon alerted it to entry of a default judgment.  It now moves pursuant to Rule 60(b)(4) to set aside the default judgment on the ground that the attempted service of process was not authorized by applicable law.  I agree and therefore grant the motion.

Federal Rule of Civil Procedure 4(h)(1)(A) provides that a business entity may be served with process "in the manner prescribed by Rule 4(e)(1) for serving an individual."  Rule 4(e)(1), in turn, provides that an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."

Plaintiff contends these subsections of Rule 4 authorized it to serve defendant by following a Florida statute that allows for "substituted service" on an individual at a mailbox address when no other address is

2

discoverable through public records.  See Fla. Stat. Ann. § 48.031(6)(a)(West).[2]

Defendant contends that plaintiff was required to follow Florida's long-arm statute providing for "substituted service" on foreign business entities engaging in business in the state.  See Fla. Stat. Ann. § 48.181(2)(West). It is undisputed that this statute, which provides for service on the Secretary of State, does not authorize mailbox service on a foreign, unregistered LLC.[3]

_____

[2] The statute provides:

If the only address for a person to be served which is discoverable through public records is a private mailbox, a virtual office, or an executive office or mini suite, substituted service may be made by leaving a copy of the process with the person in charge of the private mailbox, virtual office, or executive office or mini suite, but only if the process server determines that the person to be served maintains a mailbox, a virtual office, or an executive office or mini suite at that location.  Fla. Stat. Ann. § 48.031(6)(a)(West).

[3] The statute provides:

The acceptance by any individual who is a resident of any other state, territory, or commonwealth, or of any foreign country, or by any foreign business entity of the privilege extended by law to nonresidents to

Plaintiff's position concerning the meaning of Rule 4(h)(1)(A) – that by incorporating Rule 4(e)(1), it permits a business entity to be served by following state law for serving an individual – reveals an ambiguity in the text of these subsections of Rule 4.  Literally construed, they do seem to permit serving a business entity by following state law for serving an individual.  Yet plaintiff cites no case, and none has been found, in which a plaintiff purporting to serve a business entity pursuant to state law - as permitted by Rule

---

operate, conduct, engage in, or carry on a business or business venture in this state, or to have an office or agency in this state, is deemed to constitute an appointment by the individual or foreign business entity of the Secretary of State of this state as its agent on whom process in any action or proceeding against the individual or foreign business entity, or any combination thereof, arising out of any transaction or operation connected with or incidental to the business or business venture may be served as substituted service in accordance with this chapter. The acceptance of the privilege is signification of the agreement of the respective individual or foreign business entity that the process served against it in accordance with this chapter is of the same validity as if served personally on the individual or foreign business entity.
Fla. Stat. Ann. § 48.181(2) (West).

4(h)(1)(A) through Rule 4(e)(1) - used the state statute for serving an individual, rather than the statute for serving such a business entity. The absence of any such precedent over the more than three decades that these provisions have been in effect strongly suggests that practitioners and courts alike have not understood the provisions to permit this manner of service.

Fundamentally, Rule 4 has always been understood to provide a plaintiff with the option of serving a defendant either in accordance with federal requirements specified in the Rule for that class of defendant or by following state law.[4]  When a plaintiff opts to follow state law, service is sufficient if it is made in a manner that would be acceptable in state court.  In other words, when a plaintiff opts to use state law to serve a defendant, state law is controlling.  See generally 4A

---

[4] Rule 4(h)(1) follows this pattern.  It permits service pursuant to either subsection (A), which incorporates state law, or subsection (B), which sets forth its own requirements.

Wright & Miller, Federal Practice and Procedure § 1092 (4th ed.)(Rule 4 authorizes service on business entities in accordance with state law).

Plaintiff's reading of Rule 4(h)(1)(A) is contrary to this understanding and has a paradoxical effect: it would allow a party choosing to follow state law, here the law of Florida, to serve process in a manner state law does not permit.  There is no indication that Congress, in providing plaintiffs with the option of serving business entities in accordance with state law, as permitted by Rule 4(h)(1)(A), meant to authorize service on business entities in a manner contrary to state law.  Rather, by incorporating Rule 4(e)(1), Congress appears to have intended to make business entities amenable to service in the same manner as individuals – that is, in the manner prescribed by the applicable state law.

Accordingly, I conclude that plaintiff, in exercising its option to serve defendant by following Florida law, was required to comply with the relevant Florida statute.  See Cruz v.

Petty Transp., LLC, No. 6:08CV498-ORL-22KRS, 2008 WL 4059828, at *1 (M.D. Fla. Aug. 27, 2008)("Federal Rule of Civil Procedure Rule 4(h)(1), through Fed. R. Civ. P. 4(e)(1), permits service of process on a corporation in this district "following state law for serving a summons in an action brought" in Florida.  Fed. R. Civ. P. 4(e)(1).").

Florida's statutes relating to service of process are numerous and interrelated and determining which one applies in a given set of circumstances is not always straightforward. Based on the record before me, the relevant statute here is contained in Florida's Revised Limited Liability Company Act, which provides: "If a foreign limited liability company transacts business in this state without a certificate of authority or cancels its certificate of authority, it appoints the [D]epartment [of State] as its agent for service of process for rights of action arising out of the transaction of business in this state." Fla. Stat. Ann. § 605.0904(6) (West). See Tuscan

7

River Est., LLC v. U.S. Bank Tr. Nat'l Ass'n as Tr. of Greene St. Funding Tr., 351 So. 3d 1233, 1236 (Fla. Dist. Ct. App. 2022)("If Tuscan River were transacting business without a certificate of authority, then section 605.0904 would clearly apply."); Magnolia Court, LLC v. Moon, LLC, 299 So. 3d 423, 426 (Fla. 3d DCA 2019)(Section 605.0904(6) makes the Secretary of State the statutory equivalent of the designated agent of the LLC for service of process).  In practical effect, this statute is like the long-arm statute on which defendant relies in that both require service on the Secretary of State.[5]

Under Rule 60(b)(4), a default judgment is void if it is rendered by a court that lacks jurisdiction over the parties.  See City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 138-39 (2d Cir. 2011); "R" Best Produce, Inc. v. DiSapio, 540 F.3d 115, 122-23 (2d Cir. 2008).

---

[5] If one must choose between § 48.181(2) and § 605.0904(6), which I do not think is strictly necessary, the latter should be given precedence because it is the more specific provision governing foreign LLCs operating without a certificate of authority.

Plaintiff does not dispute that this court's personal jurisdiction over defendant depends on the validity of the service of process.  Because plaintiff did not serve the Secretary of State, its attempted service of process is invalid.  As a result, personal jurisdiction is lacking and the default judgment is therefore void.  See Mobil Cerro Negro, Limited v. Bolivarian Republic of  Venezuela, 863 F.3d 96, 124-25 (2d Cir. 2017)(vacating judgment as void because improper service deprived district court of personal jurisdiction).

Plaintiff argues with some force that it would be inequitable to vacate the default judgment.  At this stage, however, my task is limited to determining whether plaintiff's attempted service of process complied with the requirements of Florida law.  When, as here, a judgment is void for lack of personal jurisdiction, the court has no discretion to deny a motion to vacate the judgment under Rule 60(b)(4).  See Cent. Vt. Pub. Serv. Corp. v. Herbert, 341 F.3d 186, 189 (2d Cir.2003).

Accordingly, the motion to vacate the default judgment is granted.  A telephone conference will be conducted regarding further proceedings.

So ordered this 13th day of May 2026.

_____/s/ RNC_____
Robert N. Chatigny
United States District Judge